UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **SEALED INFORMATION** |
| v. | 23 Cr. |
| STEVEN TEIXEIRA, | |
| Defendant. | |



**COUNT ONE**
**(Conspiracy to Commit Securities Fraud)**

The United States Attorney charges:

1.     From at least in or about November 2020, up to and including at least in or about December 2022, in the Southern District of New York and elsewhere, STEVEN TEIXEIRA, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, (i) securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5; and (ii) securities fraud, in violation of Title 18, United States Code, Section 1348.

2.     It was a part and object of the conspiracy that STEVEN TEIXEIRA, the defendant, and others known and unknown, willfully and knowingly, directly and indirectly, by use of a means and instrumentality of interstate commerce and of the mails, and a facility of a national securities exchange, would and did use and employ, in connection with the purchase and sale of a security, a manipulative and deceptive device and contrivance, in violation of Title 17, Code of Federal Regulation, Section 240.10b-5 by: (a) employing a device, scheme, and artifice to defraud; (b) making an untrue statement of a material fact and omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not

misleading; and (c) engaging in an act, practice, and course of business which operated and would operate as a fraud and deceit upon a person, in violation of Title 15, United States Code, Section 78j(b) and 78ff.

3.      It was further a part and object of the conspiracy that STEVEN TEIXEIRA, the defendant, and others known and unknown, would and did knowingly execute, and attempt to execute, a scheme and artifice to (a) defraud a person in connection with a security of an issuer with a class of securities registered under Section 12 of the Securities Exchange Act of 1934 and that was required to file reports under Section 15(d) of the Securities Exchange Act of 1934, and (b) obtain, by means of false and fraudulent pretenses, representations, and promises, money and property in connection with the purchase and sale of a security of an issuer with a class of securities registered under Section 12 of the Securities Exchange Act of 1934 and that was required to file reports under Section 15(d) of the Securities Exchange Act of 1934, in violation of Title 18, United States Code, Section 1348.

4.      In furtherance of the conspiracy and to effect its illegal objects, the following overt act, among others, was committed in the Southern District of New York and elsewhere: on or about March 19, 2021, STEVEN TEIXEIRA had a conversation in Jordan Meadow's car with Meadow and a mutual friend ("Friend-1") during which, among other things, TEIXEIRA shared confidential material non-public information ("MNPI") about Paper Excellence's planned acquisition of Domtar, including the estimated announcement date for the deal and the buyout price.

(Title 18, United States Code, Section 371.)

2

## COUNTS TWO THROUGH NINE
### (Securities Fraud)

The United States Attorney further charges:

5.      On or about the dates set forth below, in the Southern District of New York and

elsewhere, STEVEN TEIXEIRA, the defendant, willfully and knowingly, directly and indirectly,

by use of a means and instrumentality of interstate commerce and of the mails, and a facility of a

national securities exchange, used and employed, in connection with the purchase and sale of a

security, a manipulative and deceptive device and contrivance, in violation of Title 17, Code of

Federal Regulation, Section 240.10b-5 by: (a) employing a device, scheme, and artifice to defraud;

(b) making an untrue statement of a material fact and omitting to state a material fact necessary in

order to make the statements made, in light of the circumstances under which they were made, not

misleading; and (c) engaging in an act, practice, and course of business which operated and would

operate as a fraud and deceit upon a person, to wit, TEIXEIRA breached his duties of trust and

confidence to the Executive Assistant by misappropriating MNPI from her laptop, and executed

and caused others to execute the securities transactions listed below on or about the dates listed

below while in possession of such MNPI:

| Count | Trade Date(s) | Transactions |
|---|---|---|
| 2 | April 22, 2021 | Purchase of Proofpoint Inc. (PFPT) call options by TEIXEIRA |
| 3 | April 29 – May 4, 2021 | Purchase of Domtar (UFS) call options by TEIXEIRA |
| 4 | July 29 – August 2, 2021 | Purchase of Score (SCR) call options by TEIXEIRA |
| 5 | March 3, 2022 | Purchase of VMWare (VMW) call option by TEIXEIRA |
| 6 | July 30, 2021 - April 4, 2022 | Purchase of: (1) (SCR) call options; and (2) VMWare (VMW) call options by a friend ("Friend-1") |

3

| 7 | February 26 - April 29, 2021 | Purchase of: (1) Five Prime Therapeutics, Inc. (FPRX) stock; and (2) Domtar (UFS) call options by another friend ("Friend-2") |
|---|---|---|
| 8 | February 26 - June 1, 2021 | Purchase of: (1) Five Prime Therapeutics, Inc. (FPRX) stock; (2) Company-1 call options; and (3) Domtar (UFS) call options by another friend ("Friend-3") |
| 9 | February 26 - August 2, 2021 | Purchase of: (1) Five Prime Therapeutics, Inc. (FPRX) stock; (2) Company-1 call options; and (3) Score (SCR) call options stock by another friend ("Friend-4") |

(Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Sections 240.10b-5, 240.10b5-1, and 240.10b5-2; and Title 18, United States Code, Section 2.)

## COUNT TEN
### (Securities Fraud)

The United States Attorney further charges:

6.     From in or about November 2020 up to and including at least in or about December 2022, in the Southern District of New York and elsewhere, STEVEN TEIXEIRA, the defendant, knowingly executed, and attempted to execute, a scheme and artifice to (a) defraud a person in connection with a security of an issuer with a class of securities registered under Section 12 of the Securities Exchange Act of 1934 and that was required to file reports under Section 15(d) of the Securities Exchange Act of 1934, and (b) obtain, by means of false and fraudulent pretenses, representations, and promises, money and property in connection with the purchase and sale of a security of an issuer with a class of securities registered under Section 12 of the Securities Exchange Act of 1934 and that was required to file reports under Section 15(d) of the Securities Exchange Act of 1934, to wit, TEIXEIRA executed a scheme to defraud his girlfriend, the Executive Assistant, by embezzling material non-public information from her for the purpose of

4

executing securities transactions in Company-1, Proofpoint Inc. (PFPT), Domtar (UFS), Score (SCR), and VMWare (VMW).

(Title 18, United States Code, Sections 1348 and 2.)

## COUNT ELEVEN
### (Conspiracy to Commit Honest Services Fraud)

The United States Attorney further charges:

7.     From at least in or about March 2022, up to and including at least in or about October 2022, in the Southern District of New York and elsewhere, STEVEN TEIXEIRA, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Sections 1343 and 1346.

8.     It was a part a part and object of the conspiracy that STEVEN TEIXEIRA, the defendant, and others known and unknown, having devised and intending to devise a scheme and artifice to defraud, and to deprive Friend-1's employer, a commercial real estate company ("Commercial Real Estate Company"), of its intangible right to Friend-1's honest services, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice to defraud, to wit, TEIXEIRA agreed to assist Friend-1 in defrauding the Commercial Real Estate Company of its right to Friend-1's honest services by accepting kickback payments from a contractor in exchange for action to award the contractor certain construction contracts.

(Title 18, United States Code, Section 1349.)

5

## COUNT TWELVE
### (Honest Services Fraud)

9.     From at least in or around March 2022, up to and including at least in or about October 2022, in the Southern District of New York and elsewhere, STEVEN TEIXEIRA, the defendant, having devised and intending to devise a scheme and artifice to defraud, and to deprive the Commercial Real Estate Company of its intangible right to Friend-1's honest services, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice to defraud, to wit, TEIXEIRA assisted Friend-1 in defrauding the Commercial Real Estate Company of its right to Friend-1's honest services by accepting kickback payments from a contractor in exchange for action to award the contractor certain construction contracts.

(Title 18, United States Code, Sections 1343, 1346, and 2.)

## FORFEITURE ALLEGATION

10.     As a result of committing one or more of the offenses charged in Counts One through Twelve of this Information, STEVEN TEIXEIRA, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One through Twelve, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses that the defendant personally obtained.

Substitute Assets Provision

11.     If any of the above-described forfeitable property, as a result of any act or omission

by the defendant:

        a.     cannot be located upon the exercise of due diligence;

        b.     has been transferred or sold to, or deposited with, a third party;

        c.     has been placed beyond the jurisdiction of the court;

        d.     has been substantially diminished in value; or

        e.     has been commingled with other property which cannot be divided without

difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and

Title 28, United States Code Section 2461, to seek forfeiture of any other property of the defendant

up to the value of the forfeitable property described above.

(Title 18, United States Code, Sections 981(a)(1)(C); Title 21, United States Code, Section
853(p); Title 28, United States Code, Section 2461.)

*Damian Williams*

DAMIAN WILLIAMS
United States Attorney

7